JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Andre Johnson, appeals the judgment of the Hamilton County Municipal Court convicting him of obstructing official business under R.C. 2921.31(A). He was convicted of the offense after a bench trial.
At trial, a police officer testified that he had seen Johnson on a public street holding what appeared to be an open bottle of beer. The officer told Johnson that he could not drink beer on the street, and he asked him for identification. Johnson ran from the officer and discarded the bottle. The officer then chased Johnson into a nearby yard, where he subdued him by displaying a taser.
In a single assignment of error, Johnson now argues that his conviction was based upon insufficient evidence. In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
R.C. 2921.31(A), governing obstruction of official business, provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
In the case at bar, the state presented sufficient evidence to sustain the conviction. In fleeing from the officer and discarding the bottle, Johnson hampered the officer's investigation of the open-container violation. And while Johnson argues that it took the officer less than a minute to catch him, the trial court was justified in concluding that Johnson's actions had impeded the officer in the performance of his lawful duties. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.